

*James F. Schneider*
**JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### BALTIMORE DIVISION

**In re:**

| | |
|---|---|
| **CHRISTOPHER W. CLARY, SR.,** | **CHAPTER 13** |
| **DEBTOR.** | **CASE NO. 14-24655-JFS** |
| **BANK OF AMERICA, N.A.,** | |
| **MOVANT,** | |
| **vs.** | |
| **CHRISTOPHER W. CLARY, SR.** **and GERARD R. VETTER, TRUSTEE,** | |
| **RESPONDENTS.** | |

### CONSENT ORDER GRANTING MODIFICATION OF STAY

The Motion of the Movant, Bank of America, N.A., its assignees and/or successors in interest, to amend the Automatic Stay having been properly served on the Debtor, and upon agreement by Counsel,

It appears that the Debtor is in possession of a certain real property located at **6703 Linden Ave., Baltimore, MD 21206**, encumbered by a Deed of Trust dated May 5, 2008, recorded among the Land Records of Baltimore County, Maryland,

Upon consideration of the foregoing, it is **ORDERED**:

1. Debtor will resume making all future regular monthly installment payments in the amount of $1,037.99, as they become due commencing March 1, 2016, to include any late charges, effective as of the March 1, 2016 payment, if applicable, pending further notice from the Movant.

2. Debtor will cure any arrearage currently due to the Movant for the months of August 2015 through February 2016, in the total amount of $8,428.59, which arrears were calculated as follows:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1 | 08/01/15 | 08/01/15 | $1,093.33 | $1,093.33 |
| 6 | 09/01/15 | 02/01/16 | $1,037.99 | $6,227.94 |
| BK Proof of Claim | | | | $150.00 |
| BK Motion for Relief | | | | $1,026.00 |
| Less post-petition partial payments (suspense balance): | | | | ($68.68) |
| | | | **Total:** | **$8,428.59** |

    a.    The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

    b.    Payment due on or before March 15, 2016 in the amount of $936.51

    c.    Payment due on or before April 15, 2016 in the amount of $936.51

    d.    Payment due on or before May 15, 2016 in the amount of $936.51

    e.    Payment due on or before June 15, 2016 in the amount of $936.51

    f.    Payment due on or before July 15, 2016 in the amount of $936.51

    g.    Payment due on or before August 15, 2016 in the amount of $936.51

    h.    Payment due on or before September 15, 2016 in the amount of $936.51

    i.    Payment due on or before October 15, 2016 in the amount of $936.51

    j.    Payment due on or before November 15, 2016 in the amount of $936.51

    k.    All future payments made pursuant to the terms of this Consent Order should be forwarded to the following address until further notice:

                Bank of America, N.A.
                PO Box 31785
                Tampa, FL 33631-3785

    **ORDERED** that in the event that any payment to be made by the Debtor as set forth hereinabove is not received by Bank of America, N.A. as provided herein, then Bank of America, N.A. may serve a written Notice of Default to the Debtor requiring cure of said default within a fourteen (14) day period after the mailing of the above written notice. Cure shall consist of payment of the missed payments, any late charge accrued on such missed payments, attorney's fees and costs for providing the notice, and any other payments becoming due under the terms of this Consent Order between the date of the Notice of Default and before the actual tender of the curing payment. Only two (2) such cure opportunities are allowed by this Consent Order and any subsequent default shall be deemed incurable.

    **ORDERED** that any Notice of Default shall be mailed, by first class mail, postage prepaid, and addressed to Debtor and Counsel for the Debtor as follows:

        Christopher W. Clary, Sr.        Nicholas J. DelPizzo, III
        6703 Linden Avenue           7222 Holabird Avenue
        Baltimore, MD 21206          Baltimore, MD 21222

**ORDERED** that failure to cure in a timely manner or a breach for which cure is not permitted shall be evidenced by a Declaration of Default. Upon the filing of such Declaration, and without further order of this Court, the Automatic Stay imposed pursuant to 11 U.S.C. Section 362(a) shall be lifted as to Movant, to permit enforcement of the provisions of the Deed of Trust with respect to the Subject Property, including but not limited to foreclosure pursuant to any power of sale. In the event of a foreclosure, if the Debtor fails to voluntarily vacate the premises, Movant or any purchaser at said foreclosure sale may proceed with all remedies available in state court.

If the Debtor files an objection to the Notice of Default, and/or the Court sets the matter for hearing, the Automatic Stay shall remain in effect until a ruling is issued by the Court resolving the matter. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

3. Until the Automatic Stay is terminated, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount.

4. The Automatic Stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

5. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $200.00, for issuance of a Declaration of Default and filing of a Notice of Intent.

6. In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

7. If the case shall be converted from a Chapter 13 to a Chapter 7, the Automatic Stay as to Bank of America, N.A. shall be lifted effective the date of conversion without further order of this Court.

8. Nothing contained herein shall be deemed or construed to waive, reduce or otherwise prejudice any rights of Bank of America, N.A. with respect to the above-referenced Note and Deed of Trust.

Approved as to Form and Content

By: **/s/KIMBERLY B. LANE**
Randa S. Azzam, Esquire, Bar No. 22474
Kimberly B. Lane, Esquire, Bar No. 18513
Samuel I. White, P. C.
611 Rockville Pike,
Suite 100
Rockville, MD 20852
Tel: (301) 804-3400
Fax: (301) 838-1954
kbritt@siwpc.com
Counsel for Bank of America, N.A.

Seen and Agreed:

By: **/s/NICHOLAS J. DELPIZZO, III**
Nicholas J. DelPizzo, III
Counsel for Debtor
7222 Holabird Avenue
Baltimore, MD 21222

  I hereby certify that the terms of the copy of the Consent Order submitted to the Court are identical to those set forth in the original Consent Order; and the signatures represented by the /S/ on the copy of the Consent Order submitted to the Court reference the signatures of consenting parties obtained on the original Consent Order.

By: **/s/KIMBERLY B. LANE**

## SERVICE LIST

| | |
|---|---|
| Christopher W. Clary, Sr.<br>6703 Linden Avenue<br>Baltimore, MD 21206 | Debtor |
| Nicholas J. DelPizzo, III<br>7222 Holabird Avenue<br>Baltimore, MD 21222 | Counsel for Debtor |
| Gerard R. Vetter<br>300 E Joppa Road, Suite 409<br>Townson, MD 21286 | Chapter 13 Trustee |
| Bank of America, N.A.<br>7105 Corporate Drive<br>Mail Stop: PTX B-35<br>Plano, TX 75024 | Movant |
| Kimberly B. Lane<br>611 Rockville Pike,<br>Suite 100<br>Rockville, MD 20852 | Counsel for Movant |

**END OF ORDER**